No. 497
### STATE v. HAHN CONSTRUCTION CO.
Ohio Appeals, 2nd Dist., Franklin County
No. 1211. Decided May 16, 1924

**297. CONTRACTS**—Yea and nay vote of County Commissioners, to assume part of cost, essential to validity of a highway construc-

## STATE COURT OF APPEALS—Continued

tion contract—Signature of to a certifying resolution not an equivalent.

PER CURIAM.

, Epitomized Opinion
Published Only In Ohio Law Abstract

Error to Franklin Common Pleas.

It is conceded that a compliance with Section 2406 GC. requiring an aye and nay vote of the Commissioners of Tuscarawas County, was essential to the validity of the construction contract. It further appears that neither the original nor supplemental record of the Commissioners show that an aye and nay vote of the Commissioners was called or recorded.

It is urged that this is supplied by the signatures of the Commissioners to their record of the resolution adopting the said contract.

We are of the opinion that the signature of the Commissioners certifying the resolution is not the equivalent of an aye and nay vote. A County Commissioner might very consistently certify the record of a contract, although he did not vote for or agree to the resolution.

The Board of Education v. Best, 52 OS. 138, was approved in the case of Vinton v. James, 108 OS. 220. We cannot see, therefore, how the validity of the contract under consideration can be upheld. In the Best case the record shows that the contract under consideration was approved by unanimous vote. Even this was held not to comply with the statute and that the contract so adopted was invalid. We are forced to the conclusion that the contract under consideration was invalid, that that fact would be a good defense to the contractor and his surety.

State v. Kuhner and King, 107 OS. 406. Judgment affirmed.

For Pending Case, on motion to certify, see page ——.

Attorneys—C. C. Crabbe, Atty. Gen., W. E. Benoy, and J. C. Williamson, for State; Thomas H. Clark, for defendant.